## ROANE EX. vs. RIVES.

A gift to a trustee, in trust for the use of a married woman and her increase forever to their use, &c., of a negro woman and her increase, without other words, becomes at once a use executed, passing the legal and beneficial interest to the *cestui que use*; and the marital rights of the husband attach immediately.

*Appeal from Jefferson Circuit Court in Chancery.*

The Hon. JOHN C. MURRAY, Circuit Judge.

CURRAN & GALLAGHER and PIKE & CUMMINS, for the appellant. When title to personalty is vested in a trustee, who holds a naked legal title *without other duties to perform*, and the whole beneficial interest is vested in the wife, the husband takes the property precisely as if the legal title to the property had been vested in the

wife directly. *Lamb vs. Milnes*, 5 *Ves.* 517; *Lindsay vs. Harrison*, 3 *Eng.* 302; *Hallet vs. Thompson*, 3 *Paige* 585; *Kenrick vs. Beauclerk*, 3 *B. & C.* 175; *Tyler vs. Lake*, *R. & M.* 189; *Hill on Trustees* 421; *White & Tud. Eq. Cas.* 28, 42; *Maulding vs. Scott et al.*, 13 *Ark.* 88; 2 *Story's Eq.*, secs. 1381, 1388.

YELL, contra. No precise set of words is necessary to create a trust; the intent only being regarded by courts of equity. *Fisher et al. vs. Fields*, 10 *J. R.* 483. Parol proof is admitted to support a trust. *Snelling vs. Utterback*, 1 *Bibb.* 609.

The deed of trust, clearly and without controversy, places the negro Betsey and her increase, out of the reach of any right of the husband, the words, "to Ann E. Rives, and her increase forever, to their use," &c., fixes the property beyond question in complainant and her children, and beyond the control of her husband: this is too plain to need argument or authority.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellee, who is the widow of Thomas. H. Rives, by her bill of complaint, sought to recover a slave named Betsey, and her increase, together with hire of the negroes, then in possession of the defendant, as executrix of Sam C. Roane, deceased. It appears that, in the year 1832, in the State of Virginia, Rives sold and delivered the negro woman Betsey, for value received, to Martha Rowlet, to whom he executed his bill of sale, and upon which she endorsed the following instrument:

"CHESTERFIELD COUNTY, March 1st, 1832.

I do give to my brother, Thomas W. Hill, in trust for the use of my daughter, Anne Eliza Rives, and her increase forever, to their use, &c., the within negro woman and increase. Given under my hand and seal, this date above written.

MARTHA ROWLET."

In the year 1838, Rives came to Arkansas, where he sold, among
42BB

other slaves, the negro woman Betsey and her child, to Roane, in whose possession and that of his executrix, they have ever since continued. Rives was joined by his family in the year 1840, resided in this State, until his death in 1852, and the complainant exhibited her bill in the year following. There were some allegations in the bill, to the effect that Roane bought the negroes in bad faith, and with a knowledge that they had been settled in trust for the wife of Rives; but these allegations are not proven, and the evidence, on the part of the defendant, tends to establish that her testator paid full value for them, supposing that he got a good title, and in ignorance of any doubt or dispute about it. The Court below decreed that the negroes in controversy be delivered up to the complainant, and that the defendant pay the sum of sixteen hundred dollars, assessed as the value of their hire and services.

Leaving out of view any other question made in the cause, the decree appealed from must be reversed, upon the construction of the instrument executed by Martha Rowlet. According to the cases of *Lindsey vs. Harrison*, 3 *Eng.* 302; *Sadler vs. Bean and wife*, 4 *ib.* 202; *Maulding vs. Scott*, 13 *Ark.* 88, and *Cox vs. Morrow*, 14 *ib.* 603, without going into an examination of other cases cited for the appellant, the conclusion is unavoidable that the character of the instrument is not changed by the intervention of a trustee. No duties are specified or required of him to be performed, which would make it an executory trust, but it became at once a use executed, passing the legal as well as the beneficial interest to the *cestui que use*. Tested by the cases which have gone farthest upon the construction of wills, the beneficiary here took an absolute estate, divested of any remainder in her increase; the phraseology in the connection used, being clearly words of limitation, and not of purchase. It may be true in point of fact, that the intended beneficiary was at the time a married woman, the wife of Rives, and that the object of the donor was to secure the slave to her separate use; but the conveyance to a third person in trust for her use, merely, and without any thing

more, will not, according to the authorities, be sufficient for that purpose at the common law, the case not being affected by any statute for securing to married women their separate property. Without some further expression on the face of the instrument, indicative of an intention to exclude the marital rights of the husband, they attach immediately, and the property becomes his, subject to his disposal like any other chattel of the wife, reduced to possession during coverture.

The decree will be reversed, and the cause remanded, with instructions to decree in favor of the defendant, dismissing the bill.